**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**CASE NO.:**

**CHUCK NOEL,**
**an Individual,**

     **Plaintiff,**

**v.**

**AUTOCAR, LLC,**
**a Foreign Limited Company,**

     **Defendant.**

_____ /

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

COMES NOW the Plaintiff, **CHUCK NOEL** ("Plaintiff"), by and through his undersigned counsel, and sues the Defendant, **AUTOCAR, LLC** ("Defendant"), and alleges the following:

### INTRODUCTION

1.    Plaintiff brings these claims for age discrimination against Defendant for its unlawful termination of Plaintiff based upon his age in violation the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 (b and c), and 29 U.S.C. § 623(a)(1) and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff is an adult individual.

3. Defendant is a Florida Limited Liability Company that operates and conducts substantial business in Charlotte County, Florida, and is therefore within the jurisdiction of this court.

4. Venue is proper in the Fort Myers Division of the Middle District of Florida because Defendant conducts substantial business in Charlotte County, Florida, and Plaintiff worked for Defendant in Charlotte County, Florida, where the actions at issue took place.

5. The Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law.

6. This court has supplemental jurisdiction over the FCRA claims as they arise out of the same facts and circumstances as his ADEA claims.

7. Plaintiff is protected by the ADEA because he is a male over forty (40) years of age who suffered discrimination and disparate treatment because of his age by Defendant.

8. At all times material, Defendant employed 20 or more employees.

9. Defendant is an employer as defined by 29 U.S.C. § 630(b).

## CONDITIONS PRECEDENT

10. On or around September 12, 2025, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

("EEOC") and Florida Commission on Human Relations ("FCHR") alleging age discrimination against Defendant.

11.     On or around June 17, 2026, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

12.     More than 180 days have passed since the filing of the Charge of Discrimination.

13.     Plaintiff timely files this action within the applicable period of limitations against Defendant.

14.     All conditions precedent to this action have been satisfied and/or waived.

## **FACTUAL ALLEGATIONS**

15.     Plaintiff, a sixty-seven (67) year old man at the time, worked for Defendant as a Director of Dealer Sales from August 1, 2016, until his termination on March 31, 2025.

16.     During his tenure Plaintiff was an excellent employee, and had no significant history of attendance, disciplinary, or performance issues.

17.     Unfortunately, during his employment Plaintiff fell victim to age discrimination perpetrated by Defendant's Managers.

18.     In January of 2024, Defendant began to utilize the "Dealer Channel" as

3

an attempt to grow the business.

19.    Defendant hired a new Dealer Sales Manager, who was in his late 30s to early 40s, solely for the purpose of handling the "Dealer Channel."

20.    Defendant's supervisors and managers posited this hiring as an attempt to expand the business, and never at any point suggested that Plaintiff's position may be in jeopardy.

21.    Around January or February of 2025, Defendant hired another Dealer Sales Manager, who was also a younger employee, in the late 30s to early 40s age range.

22.    About one month after this hire, on March 31, 2025, Plaintiff's Supervisor, Matt Diehl ("Mr. Diehl"), notified Plaintiff that his position was being "eliminated," with the new hire assuming Plaintiff's responsibilities.

23.    It is clear that Defendant discriminated against Plaintiff based on age.

24.    Any other "reason" theorized after the fact by Defendant or its attorneys for Defendant's termination of Plaintiff's employment is pure pretext.

25.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADEA/FCRA.

26.    Defendant took adverse action toward older employees like Plaintiff but did not act similarly toward its younger counterparts for the same or similar

offenses.

27. Defendant's decision to replace Plaintiff with younger employees evidences Defendant's discriminatory hiring/firing practices based on age, constituting blatant disparate treatment in violation of the law.

28. Defendant does not have a non-discriminatory rationale for its conduct, and the separation of Plaintiff's employment.

29. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, based upon the age discrimination he endured at the hands of the Defendant.

30. Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages, emotional distress, as a result of Defendant's actions.

31. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA DISPARATE TREATMENT DISCRIMINATION

32. Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 5, 7 through 11, and 13 through 31 of the Complaint, above.

33. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the ADEA.

34.     Plaintiff was over forty (40) years old when he was terminated.

35.     Plaintiff was not terminated for cause.

36.     Plaintiff was terminated only because of his age, and would not have been terminated but for his age, in violation of the ADEA.

37.     Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

38.     Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

39.     Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

40.     Plaintiff had more seniority than the employee who took over his primary job duties.

41.     Plaintiff was treated disparately from others not part of his protected class.

42.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

43.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

6

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44.    Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the ADEA.

45.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF THE FCRA DISPARATE TREATMENT DISCRIMINATION

46.    Plaintiff realleges and readopts the allegations contained in Paragraphs 1 through 4, 6 through 10, and 12 through 31 of the Complaint, above.

47.    The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

48.    Plaintiff was over forty (40) years old when he was terminated.

49.    Plaintiff was terminated only because of his age, and would not have been terminated but for his age, in violation of the FCRA.

50.    Defendant did not have a legitimate, non-discriminatory, reason for terminating Plaintiff.

51.    Plaintiff was replaced by an employee who was substantially younger than Plaintiff.

52.    Plaintiff's job duties were taken over by an employee significantly younger than Plaintiff who was less qualified than Plaintiff.

53.    Plaintiff had more seniority than the employee who took over his primary job duties.

54.    Plaintiff was treated disparately from others not part of his protected class.

55.    Defendant had no good faith basis for terminating Plaintiff based on his age, and Plaintiff is entitled to liquidated damages based on these actions.

56.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

57.    The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on his age, was in compliance with the FCRA.

59.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

## CERTIFICATION UNDER PENALTY OF PERJURY THAT ARTIFICIAL INTELLIGENCE WAS NOT USED IN THE PREPARATION OF THIS FILING

I have reviewed the Standing Order Requiring Disclosure of the use of artificial intelligence. After diligent inquiry and under penalty of perjury, I certify

9

that artificial intelligence was not utilized in the preparation of this filing in any way. I understand that, whether I represent myself or I am an attorney representing a client, I have an affirmative obligation to read each case cited in this filing. If I fail to do so and a case upon which I rely does not exist or does not reasonably stand for the cited proposition, I understand that the Court may treat this as a violation of Rule 11 of the Federal Rules of Civil Procedure. I have reviewed Rule 11 of the Federal Rules of Civil Procedure and I understand that this rule applies equally to counsel and unrepresented parties, and I am familiar with the sanctions available for violations of Rule 11. If this certification is made by counsel, I further understand that citation to a case that either does not exist or does not reasonably stand for the cited proposition may be treated as a violation of my oath of candor toward the tribunal and a basis on which my admission to practice in the Middle District of Florida could be revoked or suspended. Further, whether I represent myself or I am an attorney representing a client, I understand that by making this certification under penalty of perjury I could be referred for criminal prosecution if the statements I make here are false.

*(Remainder of page left intentionally blank)*

DATED this 17th day of July, 2026.

Respectfully submitted,

***/s/ Nicholas Vimo***
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: nicholas@floridaovertimelawyer.com

*Attorney for the Plaintiff*

11